O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| MANUEL CARDENAS | ) | Case No.  CV 07-6260-CAS |
| | ) | (CR 03-1171-CAS) |
| Plaintiff, | ) | |
| | ) | ORDER (1) DENYING PETITIONER'S |
| vs. | ) | 28 U.S.C. § 2255 CLAIM FOR |
| | ) | INEFFECTIVE ASSISTANCE OF |
| UNITED STATES OF AMERICA | ) | COUNSEL AND (2) DENYING |
| | ) | PETITIONER'S EX PARTE |
| Defendant. | ) | APPLICATION FOR APPOINTMENT |
| | ) | OF COUNSEL |
| _____ | ) | |

**I.  INTRODUCTION**

This case arises out of petitioner Manuel Cardenas's February 14, 2004 conviction by a jury after trial for possession of pseudoephedrine, knowing, or having reason to believe, that it would be used to manufacture methamphetamine.  On May 3, 2004, petitioner was sentenced to 210 months imprisonment and 3 years supervised release.  Petitioner timely filed a notice of appeal three days later.  On December 23, 2005, the Court of Appeals for the Ninth Circuit affirmed petitioner's conviction, but remanded to the District Court for consideration of resentencing pursuant to U.S. v. Ameline, 409 F. 3d 1073 (9th Cir. 2005).

Petitioner was resentenced on April 3, 2006.  The Court orally resentenced

1    petitioner to 168 months imprisonment, but the judgment and commitment order listed
2    petitioner's new sentence as 188 months.  Accordingly, petitioner again appealed his
3    sentence on April 12, 2006.  The government moved for summary remand to correct the
4    clerical error.  On December 1, 2006, the Ninth Circuit reversed the Court's judgment
5    order and remanded.  On January 18, 2007, the District Court entered a Second
6    Amended Judgment reducing petitioner's  sentence to 168 months.

7        On September 26, 2007, petitioner filed an "Ex Parte Application Pursuant to
8    U.S.C.A Title 18 §3006A(2)(B) Requesting An Appointment of Counsel to Seek Relief
9    Under U.S.C.A. 28 § 2255" ("Ex Parte Application").[1]  This document was incorrectly
10   docketed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §
11   2255.  On November 7, 2007, petitioner filed a motion ("Motion to Intervene")
12   requesting the Court to intervene to clarify this characterization of his motion as a 28
13   U.S.C. § 2255 motion.

14       On July 16, 2008, petitioner filed a "Motion for Leave to Amend/Supplement §
15   2255 Motion" ("Motion to Amend/Supplement"), in which petitioner seeks leave to
16   amend his Ex Parte Application in order to assert a claim that he received ineffective
17   assistance of counsel at trial.  Specifically, petitioner alleges that his counsel failed to
18   move to dismiss the indictment for failure to comply with 18 U.S.C. §3161(b) ("the
19   Speedy Trial Act"), failed to give him adequate advice concerning alternatives to trial,
20   and failed to present the defense of imperfect entrapment at sentencing.  The
21   government filed an opposition on November 14, 2008.  Petitioner filed a Traverse to
22   Government's Response ("Traverse") on January 28, 2009.  After carefully considering
23   the arguments set forth by the parties, the Court finds and concludes as follows.

24   **II.  LEGAL STANDARD**

25       **A.    28 U.S.C. § 2255**

26

27   _____

28       [1]Petitioner presumably meant to refer to 18 U.S.C.A §3006A(a)(2)(B).

A petition pursuant to 28 U.S.C. § 2255 ("§ 2255") challenges a federal conviction and/or sentence to confinement where a prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Sanders v. United States, 373 U.S. 1, 2 (1963).

## B.   Ineffective Assistance of Counsel

A lawyer's performance is constitutionally deficient under the Sixth Amendment only when it "so undermines the proper functioning of the adversarial process that the [proceedings] cannot be relied upon as hav[ing] produced a just result." Strickland v. Washington, 466 U.S. 668, 687(1984).  A petitioner claiming ineffective assistance of counsel bears the burden of demonstrating that, under all the circumstances of his case, (1) his counsel's performance was so deficient that it fell below an "objective standard of reasonableness" and (2) his counsel's deficient performance prejudiced him, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Hensley v. Crist, 67 F.3d 181, 184-85 (9th Cir. 1995).  Furthermore, "[r]eview of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." United States v. Ferreira-Alameda, 815 F.2d 1251, 1253 (9th Cir. 1987).

## III.  DISCUSSION

### A. Timeliness of Petitioner's § 2255 Claim

The government argues that petitioner's claim for relief pursuant to § 2255, as set forth in his Motion to Amend/Supplement, is time-barred, and therefore, that petitioner's Motion to Amend/Supplement must be denied.  Pursuant to  § 2255, petitioner was required to bring his motion within one year of "the date from which [his]  conviction

1  [became] final." <u>See</u> 28 U.S.C. § 2255.[2]  A defendant's conviction becomes final when

2  the time to file notice of appeal expires, that is, ten days after the entry of the judgment.

3  <u>See</u> Fed. R. App. P. 4(b).  Therefore, petitioner's conviction became final on January 28,

4  2007, ten days after the entry of the Second Amended Judgment, which petitioner did

5  not appeal.

6      Petitioner's Ex Parte Application, which was incorrectly characterized by this

7  court as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §

8  2255, was filed on September 26, 2007, within the one-year limitations period.

9  However, the government argues that petitioner's Ex Parte Application is not a motion

10  for relief pursuant to § 2255 and, therefore, does not render petitioner's § 2255 claim

11  timely.  Opp'n at 5-6; <u>see</u> <u>Isley v. Az. Dept. Of Corrections</u>, 383 F 3d 1054, 1055 (9th

12  Cir. 2004) (finding that a request for appointment of counsel "does not toll the statute of

13  limitations because such a request is not a petition for relief from a judgment of

14  conviction"); <u>see</u> <u>also</u> <u>Woodford v. Garceau</u>, 538 U.S. 202, 207 (2003).   The

15  government argues that petitioner failed to raise any issues pertaining to the merits of his

16  § 2255 claim in his Ex Parte Application, and notes that petitioner himself insisted in his

17  Motion to Intervene that his Ex Parte Application was not a petition pursuant to § 2255.

18  Opp'n at 6;  Mot. to Intervene at 2 ("characterizing Manuel Cardenas, Ex Parte

19  Application For appointment of Counsel as a 28 U.S.C. § 2255 motion was to Cardenas

20  great disadvantage as it seriously diminished the possibility of successfully filing a

21  future, properly drafted and documented, motion").

22      Furthermore, the government argues that, even if petitioner's Ex Parte Application

23

24      [2] § 2255 provides that the one-year statute of limitation begins to run on the latter
25  of four possible dates: (1) the date on which the judgment of conviction becomes final; (2)
   the date on which unconstitutional governmental interference with the filing of the motion
26  is removed; (3) the date on which a right asserted is recognized by the Supreme Court and
   made retroactively available to cases on collateral review; or (4) the date on which the facts
27  supporting the claim could have been discovered through the exercise of due diligence.
28  The latter three dates do not apply in this action.

were to be classified as a § 2255 motion, petitioner's Motion to Amend/Supplement should nevertheless be denied as time-barred, because (1) the Motion to Amend/Supplement was filed on July 16, 2008, well over a year after petitioner's sentence became final, and (2) the claims stated therein do not relate back to the claims asserted in the Ex Parte Application. Opp'n at 9. The government notes that petitioner's Ex Parte Application focuses on the inadequacy of legal libraries and services to which he has access for the purposes of preparing a § 2255 petition. Opp'n at 10. Petitioner's Ex Parte Application makes no reference to petitioner's original trial or to the merits of his § 2255 claim. Opp'n at 10. The government argues that because the allegations in the Motion to Amend/Supplement are different in both time and type from those in the Ex Parte Application, they do not relate back and should not be allowed. Id., citing Mayle v. Felix, 544 U.S. 644, 664 ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order.")

Finally, the government argues that petitioner is not otherwise entitled to any equitable tolling of the limitations period. The Ninth Circuit permits equitable tolling of the statute of limitations "only if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). The petitioner bears the burden of proving: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005); Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006). Additionally, "the prisoner must show that the 'extraordinary circumstances' were the but-for and proximate causes of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations and internal quotation marks omitted); Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006), cert. denied sub nom., Belleque v. Kephart, 127 S. Ct. 1880 (2007). The Ninth Circuit has stated that "district judges will take seriously Congress' desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is

surmounted."[3] <u>Calderon v. United States Dist. Ct.</u>, 128 F.3d 1283, 1289 (9th Cir. 1997), <u>cert. denied</u>, 522 U.S. 1099 (1998), <u>overruled on other grounds</u>, <u>Calderon v. United States Dist. Ct.</u>, 163 F.3d 530 (9th Cir. 1998), <u>cert. denied</u>, 526 U.S. 1060 (1999). The government argues that petitioner has failed to provide any reason for his delay in asserting his § 2255 claim and has put forth no evidence suggesting that it was impossible for him to file in a timely fashion.  <u>Id.</u>

Petitioner counters that his Ex Parte Application was a collateral attack that served as the functional equivalent of a § 2255 motion.   Traverse at 3.  Petitioner further argues that the content of his Motion to Amend/Supplement relates back to his original request for counsel because both pleadings are tied to the same core allegations that petitioner received ineffective assistance at trial.  <u>Id.</u> at 4.

The Court agrees with the government that the filing of petitioner's Ex Parte Application, under normal circumstances, would not have rendered timely petitioner's Motion to Amend/Supplement.  The Court concludes, however, that equitable tolling is appropriate in this situation because the Court's error in classifying the Ex Parte Application as a § 2255 motion could have misled petitioner into believing that his right to file a § 2255 motion was preserved.  Other circuits have found that equitable tolling is appropriate where petitioner was materially misled into missing the deadline.  <u>See</u> <u>Trenkler v. U.S.</u>, 268 F.3d 16, 24 (First Cir. 2001).  Furthermore, the rule that <u>pro se</u> pleadings are to be construed liberally further weighs in petitioner's favor. Therefore, the Court declines to find that petitioner's Motion to Amend/Supplement is time-barred. The Court therefore reaches the merits of (1) petitioner's § 2255 claim, as set forth in the

---

[3]  Some of the cases cited herein involved habeas petitions governed by 28 U.S.C. § 2244, which applies a statute of limitations to habeas motions by state prisoners attacking their sentences.  The Ninth Circuit has held that "the two provisions [§ 2244 and § 2255] are almost identical . . . and the Supreme Court has interpreted the statute-of-limitations provisions of §§ 2244 and 2255 in concert with one another."  <u>Shannon v. Newland</u>, 410 F.3d 1083, 1088 (9th Cir. 2005).

Motion to Amend/Supplement and (2) petitioner's request for appointment of counsel, as set forth in his Ex Parte Application.

## B.  Merits of Petitioner's § 2255 Claim

Petitioner asserts that he was provided with ineffective assistance of counsel at his original trial.  Mot. to Amend/Suppl. at 2.  Specifically, petitioner argues that his counsel provided ineffective assistance by (1) failing to challenge petitioner's indictment under the Speedy Trial Act, 18 U.S.C. §3161(b); (2) providing inadequate advice concerning alternatives to trial; and (3) failing to present a defense of imperfect entrapment and coercion.

### 1.  Speedy Trial Act

The Speedy Trial Act, 18 U.S.C. §3161(b) ("the Speedy Trial Act") provides that an indictment must be filed within 30 days of the day on which the accused was arrested or served with a summons.   Petitioner alleges that he was arrested on September 23, 2003 and arraigned on November 14, 2003.  Petitioner argues that the indictment was therefore time barred by the Speedy Trial Act and that his attorney should have moved to dismiss petitioner's indictment on those grounds.  Mot. to Amend/Suppl. at 3.  The record, however, indicates that petitioner was not arrested until October 28, 2003.  See Def's Ex. C (Executed Arrest Warrant); Dkt. No. 4.  Thus, under the Speedy Trial Act, the government had until November 27, 2003 to file the indictment.  Therefore, the November 14, 2003 indictment was timely filed.  Petitioner cannot conceivably have been prejudiced by his attorney's failure to file a frivolous motion.  See Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982) ("the failure to raise a meritless legal argument does not constitute ineffective assistance of counsel").  Therefore, the Court concludes that petitioner's attorney did not provide ineffective assistance of counsel for failing to file a motion to dismiss under the Speedy Trial Act.

### 2.  Failure to Provide Advice Concerning Alternatives to Trial

Petitioner contends that his trial counsel rendered ineffective assistance during the

7

1
2
3
4
5
6

plea phase of his trial by failing to adequately advise petitioner of the law relevant to his decision of whether to go to trial, plead guilty without a plea agreement, or seek a plea agreement.  Mot. to Amend/Suppl. at 5.  Petitioner argues that if he had been properly advised of his options, he would have pled guilty and received a three-level sentence reduction, meaning that he would have been subject to a guideline range of 151 to 188 months  Id. at 6.

7
8
9
10
11
12
13
14

The government, however, dispute's petitioner's claims.  First, the government submits the declaration of Jose Medina ("Medina"), petitioner's trial counsel, who asserts that he did in fact advise petitioner of his options to plead guilty with or without a plea agreement or to go to trial.  Declaration of Jose Medina ("Medina Decl.") ¶ 5. Furthermore, petitioner's counsel alleges that he informed petitioner of the three-point reduction in his guideline offense level that he would likely receive if he pled guilty before trial.  Id.  Counsel alleges that petitioner told him that he was not interested in pleading guilty and wished to proceed to trial.  Id.

15
16
17
18
19
20
21
22
23
24
25
26

Moreover, the government notes that, even if counsel's performance was deficient, petitioner must still show resulting prejudice in order to state a claim.  See Strickland, 466 U.S. at 697.  While petitioner asserts that he could have received a three-level reduction if he had pled guilty, the government argues that petitioner already received a sentence well below the Guideline range based on his circumstances and those of the offense.  Opp'n at 14.  Specifically, although petitioner's Guideline range was 210 to 240 months, the Court sentenced him to only 168 months.  Def's Ex. E (RT 4/3/06) at 39.  The government argues that petitioner's assertion that he could have received an even lower sentence is therefore mere speculation.  Accordingly, the government argues that  petitioner has failed to meet the requirements of Strickland, 466 U.S. at 697 by demonstrating a reasonable probability that, but for his counsel's error, the result of the proceeding would have been different.  Id.

27
28

The Court concludes that petitioner has failed to show that his counsel provided

ineffective assistance in advising him of the alternatives to trial. Even if the Court were to accept petitioner's assertion that he was not adequately advised of the legal consequences of pleading guilty, which is disputed by petitioner's counsel, petitioner has nevertheless failed to demonstrate any resulting prejudice. Petitioner received a sentence well below the guideline range, and petitioner's argument that he would have pled guilty and received an even lower sentence had he been advised of the alternatives to trial is too speculative to satisfy his burden.

### 3. Imperfect Entrapment

Petitioner argues that he received ineffective assistance of counsel at trial because his counsel failed to present the partial defense of imperfect entrapment and coercion, pursuant to U.S.S.G. §5K2.12. Mot. Amend at 6, citing United States v. Garza-Juarez, 992 F.2d 896, 912 ("aggressive encouragement of wrongdoing, although not amounting to a complete defense, may be used as a basis for departure under section  5K2.12.") Petitioner did present the defense of entrapment at trial, arguing that he was enticed to commit the offense by a confidential informant working for the government; this defense was rejected by the jury. Id. at 7. Petitioner argues, however, that his counsel could and should have presented the defense of imperfect entrapment during sentencing, because "it was the government who first proposed the illegal activity. . . it was through the concerted enticements of the Confidential Information that petitioner became involved in the illegal scheme to possess pseudoephedrine." Mot. to Amend/Suppl. at 7. Petitioner argues that if his counsel had presented this defense, petitioner's sentencing Guideline range would have been reduced to 168 months to 210 months. Id. Furthermore, petitioner argues that, because the trial court took several factors into consideration in reducing his sentence, the presentation of the defense of imperfect entrapment would have resulted in the reduction of petitioner's sentence to 120 months. Id. at 6-7.

Petitioner's counsel, however, counters that in his professional opinion, the conduct of the government agents in petitioner's case did not satisfy the requirements for

a downward departure on the basis of imperfect entrapment.  Medina Decl. ¶6.  Counsel asserts that at sentencing, he concentrated on arguments for downward departure that he believed were most likely to be successful, including acceptance of responsibility, reduced criminal history, and leniency based on petitioner's gambling addiction.  Id. ¶7.  The government argues that counsel's decision to pursue some lines of argumentation over others falls well within the "wide range" of reasonable professional assistance.  Opp'n at 16-17, citing United States v. Bosch, 914 F.2d 1239, 1244 (9th Cir. 1990) ("a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").  The government also notes that U.S.S.G. § 5K2.12 does not explicitly deal with imperfect entrapment; instead, the section focuses on duress and coercion, which, the government argues, "have significantly higher thresholds than the evidence produced at trial in this case could satisfy."  Id. at 17.  Although some courts have found grounds under U.S.S.G. §5 K2.12  for downward departure on the basis of imperfect entrapment, the government argues that in this case petitioner's counsel cannot be deemed unreasonable for judging that the governement's conduct in this case did not rise to the level of seriousness contemplated by U.S.S.G. §5K2.12 .  Id.

The government further argues that even if counsel's actions were deemed constitutionally ineffective, petitioner has nevertheless shown no resulting prejudice.  The government points out that any amount of downward departure granted under U.S.S.G. § 5K2.12 is within the discretion of the Court.  The government argues that petitioner's assertion that the Court would have granted him two levels of downward departure is mere speculation, particularly given that the Court considered all factors in petitioner's case on resentencing, and was already familiar with the trial testimony in this case, including petitioner's asserted claim for entrapment.  Id.

To prevail on his motion, petitioner must overcome the "strong presumption" that counsel exercised reasonable professional judgment. Quintero-Barraza at1348.  The

1
2
3
4
5
6
7
8
9
10

Court finds that petitioner has failed to overcome this presumption.  The decision not to pursue a partial entrapment argument appears to be within the "wide range" of reasonable professional assistance and could easily be considered part of a sound trial strategy.  See United States v. Bosch, 914 F.2d at 1244.  Furthermore, even if the failure to present an imperfect entrapment defense were unreasonable, petitioner has failed to demonstrate any resulting prejudice.  As discussed elsewhere herein, petitioner received a sentence well below the sentencing guideline range, and his suggestion that he would have received an even lower sentence had the imperfect entrapment defense been presented amounts to nothing more than speculation, and does not meet the "reasonable probability" requirements of Strickland, 466 U.S. at 694.

11

### C.  Petitioner's Ex Parte Application for Appointment of Counsel

12
13
14
15
16
17
18
19
20
21

Petitioner requests appointment of counsel for his § 2255 claim.  The Court has discretion to appoint an attorney in habeas corpus proceedings when "the interests of justice so require and [the prisoner] is financially unable to obtain representation." LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).  Factors to be considered by the court include the likelihood of success on the merits and  the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  When a petitioner in a habeas corpus proceeding has a good understanding of the issues and the ability to present his contentions forcefully and coherently, then no attorney is required.  LaMere, 827 F.2d at 626.

22
23
24
25
26
27
28

Petitioner argues that he is unable to pursue his claim *pro se* because he has not been provided with an adequate law library or sufficient legal assistance.  Ex Parte Application at 3-4. Petitioner further argues that he is unable to pursue his claim on his own due to difficulties with English.  Id.  In spite of these alleged barriers, it appears that petitioner understands the issues in this case and is able to express his legal contentions adequately.  Furthermore, it is even more apparent that petitioner has virtually no

likelihood of success on bringing the instant petition, and thus the appointment of counsel would serve no legitimate purpose.  For these reasons, the Court DENIES petitioner's request for appointment of counsel.

**IV.  CONCLUSION**

In accordance with the foregoing, the Court GRANTS petitioner leave to amend/supplement his Application.  However, the Court DENIES petitioner's Ex Parte Application requesting counsel and DENIES petitioner's request  for relief pursuant to § 2255, as set forth in his Motion to Amend/Supplement.

IT IS SO ORDERED.


Dated:  February 25, 2009

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE